IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BYNARI, INC.**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:08-CV-242-L** |
| | § | |
| **ALT-N TECHNOLOGIES, LTD.**, | § | |
| **ALT-NJ, LLC, ARVEL HATHCOCK**, | § | |
| and **JERRY DONALD**, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendants Alt-N Technologies Ltd., Alt-NJ, LLC, Arvel Hathcock and Jerry Donald's Motion to Dismiss for Failure to State a Claim, filed March 10, 2008; and Defendants Arvel Hathcock and Jerry Donald's Motion to Dismiss for Failure to State a Claim, filed March 10, 2008. After careful consideration of the motions, briefs, consolidated response, reply, record, and applicable law, the court **denies** Defendants Alt-N Technologies Ltd., Alt-NJ, LLC, Arvel Hathcock and Jerry Donald's Motion to Dismiss for Failure to State a Claim; and **denies** Jerry Donald's Motion to Dismiss for Failure to State a Claim.

## I.      Procedural and Factual Background

This case arises from a copyright infringement dispute. Plaintiff Bynari, Inc. ("Plaintiff" or "Bynari") is a technology start-up that developed Insight Connector. "Insight Connector is a computer program that acts as an interface between Microsoft Outlook and non-Microsoft mail servers." Pl.'s Original Compl. ¶ 8. The first version of Insight Connector was released to the public as Insight Connector v 2 on January 3, 2002. In late 2002, Bynari decided to translate Insight

Connecter to a newer computer programming language, and it began this translation in July 2003. Bynari released the translated version of Insight Connector, Insight Connector v 3, on February 1, 2005.

In October 2002, while Bynari was in the process of translating Insight Connecter to the newer language, it entered into a five-year Software Development Agreement ("Agreement") with Alt-N Technologies, Ltd. ("Alt-N"). The purpose of this Agreement was to modify Insight Connector to work with Alt-N's messaging server, MDaemon to create a joint product called MDaemon & Insight Connector. Pursuant to the Agreement, Bynari gave Alt-N access to, and the right to use, Insight Connector v 2 and Insight Connector v 3 (collectively, "Insight Connector") during the term of the Agreement. In exchange, Bynari received a one-time payment and was entitled to a twenty-five percent monthly royalty on Alt-N's sales of the joint product. Bynari contends that although the five-year term ended in October 2007, Alt-N continues to use and sell Insight Connector without paying royalties.

On February 12, 2008, Plaintiff filed suit against Alt-N; Alt-N's general partner Alt-NJ, LLC ("Alt-NJ"); its executive vice president Jerry Donald ("Donald"); and its founder and CEO Arvel Hathcock ("Hathcock"), collectively ("Defendants"). Plaintiff seeks relief for breach of contract, copyright infringement, trade secret infringement, tortious interference with prospective contractual relations, and violations of the Lanham Act and the Texas Theft Liability Act. On March 10, 2008, Defendants filed motions to dismiss in which they contend that Plaintiff fails to state a claim upon which relief can be granted. Plaintiff contends the complaint adequately states a claim for which relief can be granted with respect to each ground on which it seeks recovery.

## II.     Standard for Rule 12(b)(6)-Failure to State a Claim

To defeat a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S. Ct. 1955, 1974 (2007).  While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citation omitted).  The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.  *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings.  *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000).  The pleadings include the complaint and any documents attached to it.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).  Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'"  *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff.  *Great Plains Trust Co. v. Morgan*

*Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). A court, however, is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

## III. Discussion

### A. Defendants Alt-N Technologies Ltd., Alt-NJ, LLC, Arvel Hathcock and Jerry Donald's Motion to Dismiss for Failure to State a Claim

Defendants contend that Bynari fails to state a claim that would entitle it to relief because it does not own the technology upon which its causes of action are based. Defendants also contend that Bynari has not pled fraud with the requisite specificity and that its claims for breach of contract and violations of Tex. Civ. Prac. & Rem. Code § 134.003 (Vernon 2005) ("the Texas Theft Liability Act") are preempted by 17 U.S.C. § 301(a) (2005) ("the Copyright Act"). Defendants further contend that Bynari is not entitled to statutory damages under the Copyright Act or 15 U.S.C. § 1125(a) (2006) ("the Lanham Act"). Bynari counters that it has properly set forth factual allegations that support each cause of action in its complaint and that the central question of this case, who owns Insight Connector v 3, should not be resolved at the pleading stage. The court addresses each cause of action in turn.

### 1. Copyright Infringement

To state a claim for copyright infringement, a plaintiff must show "(1) ownership of a valid copyright; (2) factual copying; and (3) substantial similarity." *Armour v. Knowles*, 512 F.3d 147, 152 (5th Cir. 2007) (internal citation omitted). Bynari alleges that it owns valid copyrights in

Insight Connector; that Alt-N copied Insight Connector for use in connection with the joint product MDaemon & Insight Connector; and that Insight Connector and MDaemon & Insight Connector are substantially similar "because the latter merely incorporates the former." Pl.'s Original Compl. ¶ 17. Bynari also alleges that the remaining Defendants personally participated in the unlawful copying.

Defendants contend that Bynari's claim for copyright infringement fails because Bynari does not own Insight Connector v 3. Bynari counters that it owns Insight Connector v 3, but that the ownership issue is a factual determination that the court should not make in ruling on a 12(b)(6) motion. The court agrees. A motion to dismiss addresses the adequacy of the pleadings. The court does not evaluate Bynari's likelihood of success; instead, it determines only whether Bynari has a legally cognizable claim. Based on the allegations in Plaintiff's Original Complaint, the court determines that Bynari has alleged sufficient facts that, if true, would establish a claim for copyright infringement. Accordingly, the court **denies** Defendants Alt-N Technologies Ltd., Alt-NJ, LLC, Arvel Hathcock and Jerry Donald's Motion to Dismiss for Failure to State a Claim as to Bynari's claim for copyright infringement.

### 2. Lanham Act

In the alternative to its copyright infringement claim, Bynari alleges a claim for false designation of goods under section 43(a)(1)(A) of the Lanham Act. To state a claim for false designation of goods under the Lanham Act, a plaintiff must show that a defendant made a false designation of origin, false or misleading description of fact, or false or misleading representation of fact that is likely to cause confusion or mistake as to its affiliation, sponsorship, or origin. 15 U.S.C. § 1125(a)(1)(A). Defendants contend that because Alt-N owned Insight Connector v 3, they

have not violated section 43(a) of the Lanham Act. Because the court will not resolve the ownership issue at this stage, it **denies** Defendants Alt-N Technologies Ltd., Alt-NJ, LLC, Arvel Hathcock and Jerry Donald's Motion to Dismiss for Failure to State a Claim as to Bynari's as to Bynari's claim under section 43(a)(1)(A) of the Lanham Act.

### 3.    Trade Secret Infringement[1]

To state a claim for trade secret misappropriation under Texas law, a plaintiff must show that "(1) a trade secret exists; (2) Defendants acquired the trade secret by breach of a confidential relationship or other improper means; and (3) Defendants used the trade secret without authorization." *General Univ. Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 449 (5th Cir. 2007) (internal citation and quotation marks omitted). Bynari alleges that Insight Connector is a trade secret; that Alt-N acquired the trade secret by breaching the confidential relationship created through the parties' joint venture and by breaching the Agreement and committing the various torts alleged in the complaint; and that Alt-N is using the trade secret without authorization because such authorization expired in October 2007. Bynari also alleges that the remaining Defendants personally participated in the unlawful misappropriation.

Again, Defendants contend that Bynari's claim fails because it does not own Insight Connector v 3. As discussed above, at this stage the court determines only whether Bynari has a legally cognizable claim. Based on the allegations in Plaintiff's Original Complaint, the court determines that Bynari has alleged sufficient facts that, if true, would establish a claim for trade secret misappropriation. Accordingly, the court **denies** Defendants Alt-N Technologies Ltd., Alt-

---

[1]Although Bynari labels this cause of action "Trade Secret Infringement," it sets out the elements for, and pleads facts to support, a trade secret misappropriation claim. Accordingly, the court treats Bynari's trade secret *infringement* claim as one for trade secret *misappropriation*.

NJ, LLC, Arvel Hathcock and Jerry Donald's Motion to Dismiss for Failure to State a Claim as to Bynari's as to Bynari's claim for trade secret misappropriation.

### 4. Tortious Interference With Prospective Contractual Relations

To state a claim for tortious interference with prospective business relations under Texas law, a plaintiff must show the following:

> (1) a "reasonable probability" that the plaintiff would have entered into a contractual relationship; (2) an independently tortious or unlawful act by the defendant that prevented the relationship from occurring; (3) the defendant did such act with a conscious desire to prevent the relationship from occurring or the defendant knew the interference was certain or substantially certain to occur as a result of the conduct; and (4) the plaintiff suffered actual harm or damages as a result of the defendant's conduct.

*Finlan v. Dallas Indep. Sch. Dist.*, 90 S.W.3d 395, 412 (Tex. App.–Eastland 2002, pet. denied). Defendants contend that because Bynari did not own Insight Connector v 3 and therefore had no product to sell, it could not have interfered with any prospective contractual relationships between its customers and Bynari. Once again, because the court will not resolve the ownership issue at this stage, it **denies** Defendants Alt-N Technologies Ltd., Alt-NJ, LLC, Arvel Hathcock and Jerry Donald's Motion to Dismiss for Failure to State a Claim as to Bynari's as to Bynari's claim for tortious interference with prospective business relations.

### 5. Texas Theft Liability Act

Under the Texas Theft Liability Act, "[a] person who commits theft is liable for the damages resulting from the theft." Tex. Civ. Prac. & Rem. Code § 134.003(a). Theft is defined as "unlawfully appropriating property or unlawfully obtaining services" as prohibited by, inter alia, sections 31.03 and 31.05 of the Texas penal code. *Id.* § 134.002(2). Section 31.03 prohibits the unlawful appropriation of property with an intent to deprive the owner of the property. Appropriate

is "to bring about a transfer or purported transfer of title to or other nonpossessory interest in property, whether to the actor or another; or [] to acquire or otherwise exercise control over property other than real property." *Id.* § 31.01(4). Property includes "tangible or intangible personal property." *Id.* § 31.01(5)(B). Unlawful appropriation includes appropriation "without the owner's effective consent" or of stolen property when "the actor appropriates the property knowing it was stolen by another." Tex. Penal Code § 31.03(b). Section 31.05 prohibits knowingly stealing a trade secret, knowingly making a copy of an article that represents a trade secret, or knowingly communicating or transmitting a trade secret, when these acts are done without the owner's effective consent. Bynari alleges that Alt-N knowingly stole a trade secret (Insight Connector) and exercised control over it after Bynari's consent had expired in October 2007. Bynari also alleges that the Individual Defendants personally participated in these violations. Therefore, Bynari has alleged sufficient facts that, if true, would establish a claim under the Texas Theft Liability Act.

Defendants contend that Bynari's claim under the Texas Theft Liability Act is preempted by the Copyright Act. The court disagrees. The test for preemption under the Copyright Act is as follows:

> There is well-settled precedent to determine whether a state-law claim is preempted by federal copyright law. Indeed, this circuit has held that both prongs of a two-factor test must be satisfied for preemption to occur. First, the claim is examined to determine whether it falls within the subject matter of copyright as defined by 17 U.S.C. § 102. And second, the cause of action is examined to determine if it protects rights that are equivalent to any of the exclusive rights of a federal copyright, as provided in 17 U.S.C. § 106. . . .
>
> The test for evaluating the equivalency of rights is commonly referred to as the "extra element" test. This test requires that if one or more qualitatively different elements are required to constitute the state-created cause of action being asserted, then the right granted

> under state law does not lie within the general scope of copyright,
> and preemption does not occur.

*Carson v. Dynegy, Inc.*, 344 F.3d 446, 456 (5th Cir. 2003) (internal citation, quotation marks, and footnote omitted). Defendants contend that "[a]s pled, Plaintiff's violation of Texas Theft Liability Act claim does not include any additional element other than the elements of a copyright infringement cause of action. Defendants are mistaken. With respect to its theft claim, Bynari alleges that Alt-N, Hatchcock, and Donald knowingly stole a trade secret (Insight Connector) and exercised control over it after Bynari's consent had expired in October 2007. With respect to its copyright infringement claim, Bynari alleges that it owns valid copyrights in Insight Connector; that Alt-N copied Insight Connector for use in connection with the joint product MDaemon & Insight Connector; that Insight Connector and MDaemon & Insight Connector are substantially similar; and that the remaining Defendants personally participated in the unlawful copying. It is clear that the crux of Bynari's theft claim is Defendants' alleged unlawful appropriation of Insight Connector by continuing to use and sell it. Such appropriation is not a required element for a copyright infringement claim. Accordingly, the Copyright Act does not preempt Bynari's theft claim, and the court **denies** Defendants Alt-N Technologies Ltd., Alt-NJ, LLC, Arvel Hathcock and Jerry Donald's Motion to Dismiss for Failure to State a Claim as to Bynari's claim under the Texas Theft Liability Act.

### 6.     Breach of contract

To state a claim for breach of contract under Texas law, a plaintiff must show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (internal citation and

quotation marks omitted). Bynari alleges that it and Alt-N executed the Agreement, it performed, "Alt-N breached the Agreement by continuing to use and sell Insight Connector after the five-year term of the Agreement ended," and it was damaged by the breach. Pl.'s Original Compl. ¶ 12. Therefore, Bynari has alleged sufficient facts that, if true, would establish a claim for breach of contract.

Defendants contend that Bynari's claim for breach of contract is preempted by the Copyright Act. The court disagrees. A claim for breach of contract is not preempted by copyright laws. *See Taquino v. Teledyne Monarch Rubber*, 893 F.2d 1488, 1501 (5th Cir.1990) (holding that breach of contract claim not preempted because existence of promise makes breach of contract claim qualitatively different from claim based on reproduction, distribution, or display under the Copyright Act). Bynari's claim for breach of contract includes an element in addition to the mere reproduction, distribution or display of copyrighted material. It includes the contract promise made by Alt-N to return all Bynari confidential materials. Pl.'s Original Compl. ¶ 12. Therefore, Bynari's claim for breach of contract is not preempted by the Copyright Act. Defendants rely on *Carson v. Dynegy, Inc.*[2] to support their preemption argument. Such reliance is misplaced. The *Carson* court was faced with preemption of a state law claim for conversion. The claim at issue in this case is one for breach of contract. Therefore, the reasoning in *Carson* does not apply to the facts of this case. Accordingly, the court **denies** Defendants Alt-N Technologies Ltd., Alt-NJ, LLC, Arvel Hathcock and Jerry Donald's Motion to Dismiss for Failure to State a Claim as to Bynari's breach of contract claim.

---

[2]344 F.3d 446 (5th Cir. 2003).

### 7.      Fraud and Statutory Damages

Defendants contend that Bynari has not pled fraud with the requisite specificity and that Bynari is not entitled to statutory damages under the Copyright Act and the Lanham Act.  Because Bynari clarifies that it is not alleging a claim for fraud or requesting statutory damages under the Copyright Act, these bases for Defendants motion are rendered moot.  Accordingly, the court **denies** Defendants Alt-N Technologies Ltd., Alt-NJ, LLC, Arvel Hathcock and Jerry Donald's Motion to Dismiss for Failure to State a Claim as to these grounds.

With respect to Bynari's request for statutory damages under the Lanham Act, Defendants state the following: "Notably, 15 U.S.C. § 1117 of the Lanham Act only grants statutory damages for counterfeit goods sold under a trademark or cyber piracy.  15 U.S.C. § 1117(c)-(d).  Plaintiff has not alleged any cause of action or provided any facts to support a cause of action under either counterfeit goods or cyber piracy."  Defs.' Reply 6 (unnumbered).[3]  In making this argument, however, Defendants wholly ignore section 1117(a), which states, in relevant part, that a plaintiff is entitled to recover "(1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action" for violations of section 1125(a).  Because Bynari's claim for false designation of goods arises under section 1125(a), it is entitled to seek damages under section 1117(a).  Therefore, the court **denies** Defendants Alt-N Technologies Ltd., Alt-NJ, LLC, Arvel Hathcock and Jerry Donald's Motion to Dismiss for Failure to State a Claim as to Bynari's request for statutory damages under the Lanham Act.

---

[3]Defendants did not number the pages of their reply.

**B.     Defendants Arvel Hathcock and Jerry Donald's Motion to Dismiss for Failure to State a Claim**

The Individual Defendants contend that Bynari has not pled sufficient facts to state a claim against them individually, and that they cannot be held individually liable for actions they took on behalf of Alt-N.  Bynari, relying on *Mead Johnson & Co. v. Baby's Formula Serv.*,[4] counters that it seeks to hold the Individual Defendants liable for their own unlawful acts.  *Mead* supports Bynari's contention that individuals may be held personally liable for trademark infringement committed on behalf of a corporation.  When faced with an argument similar to that made by the Individual Defendants, the *Mead* court stated the following:

> The appellant also complains of the dismissal of the case against the individual defendants.  Appellees seem to support this position on the ground that to hold the individuals liable for the actions of the corporation would require a "piercing of the corporate veil."  In point of fact appellees have the cart before the horse.  There can be no doubt but that a trademark, like a patent, can be infringed by an individual.  It is infringed when an individual performs the act or does the things that the patent or trademark law protects against.  The fact that the persons thus acting are acting for a corporation also, of course, may make the corporation liable under the doctrine of respondeat superior.  It does not relieve the individuals of their responsibility.  Obviously here if there was an infringement by the corporation, this infringement was caused by some one or more persons either officers or employees of the corporation who caused the acts to be done.

*Id.* at 23.  Although this case is directly on point, the Individual Defendants make no effort to distinguish it or otherwise explain why their motion has merit in light of it.  The court determines that the Individual Defendants can be held individually liable for their allegedly unlawful actions taken on behalf of Alt-N and that Bynari's pleadings are sufficient to put the Individual Defendants on notice of the basis of the claims against them as required by Rule 8 of the Federal Rules of Civil

---

[4] 402 F.2d 19 (5th Cir. 1968).

Procedure.  Accordingly, the court **denies** Defendants Arvel Hathcock and Jerry Donald's Motion to Dismiss for Failure to State a Claim.

## IV.    Conclusion

The court expended an inordinate amount of time and scarce judicial resources on two motions that should not have been filed.  This is a classic case in which dismissal is inappropriate.  At this stage, the court ***only*** tests the sufficiency of the pleadings, namely, whether there is a plausible basis for the claims asserted.  The specific details are to be fleshed out through discovery.  There is no question that the allegations of the complaint regarding each cause of action cross "the line from conceivable to plausible."  *Twombley*, 127 S. Ct. at 1974.  Unless discovery reveals undisputed facts, summary judgment will be inappropriate, and the parties should seriously consider settling this case.

For the reasons herein stated, the court determines Plaintiff states a legally cognizable claim for each cause of action.  Accordingly, the court **denies** Defendants Alt-N Technologies Ltd., Alt-NJ, LLC, Arvel Hathcock and Jerry Donald's Motion to Dismiss for Failure to State a Claim and **denies** Defendants Arvel Hathcock and Jerry Donald's Motion to Dismiss for Failure to State a Claim.  Defendants may not file any other motions to dismiss without first obtaining leave of the court.

**It is so ordered** this 24th day of October, 2008.

Sam A. Lindsay
United States District Judge